UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PECHINEY PLASTIC PACKAGING
INCORPORATED,

    Plaintiff and Counter-Defendant,
v.                   Case No. 13-C-856

UNITED STEEL, PAPER & FORESTRY,
RUBBER, MANUFACTURING, ENERGY,
ALLIED-INDUSTRIAL AND SERVICE WORKERS
INTERNATIONAL UNION, AFL-CIO LOCAL 2-0148,

    Defendant and Counter-Plaintiff,

UNITED STEEL, PAPER & FORESTRY,
RUBBER, MANUFACTURING, ENERGY,
ALLIED INDUSTRIAL AND SERVICE
WORKERS INTERNATIONAL UNION, AFL-CIO, CLC,

    Counter-Plaintiff,

RIO TINTO ALCAN, INC. and
ALCAN CORPORATION,

    Counter-Defendants.

**DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS [16]**

  This is an action to vacate an arbitration award. Plaintiff Pechiney Plastic Packaging, Inc. (Pechiney) and United Steel, Paper, & Forestry, Rubber, Manufacturing, Energy, Allied-Industrial, and Service Workers International Union, AFL-CIO Local 2-148 (the Union) were parties to collective bargaining agreement (CBA) that allegedly terminated on February 28, 2010, the date on which certain assets of Pechiney were purchased by Bemis Company, Inc. In the aftermath of the

sale, the Union filed a Request for Arbitration concerning a dispute with Pechiney over the successors and assigns, and severance provisions of the CBA. On April 30, 2013, Arbitrator Paul Gordon issued an arbitration award in favor of the Union.

On October 17, 2013, Pechiney filed this action pursuant to § 301(a) of the Labor Management Relations Act of 1947 (LMRA), 29 U.S.C. § 185(a), and the Federal Arbitration Act (FAA), 9 U.S.C. § 1 *et. seq.*, seeking to vacate an arbitration award. The Union filed an answer and counterclaim seeking enforcement of the award. The Union also named in its counterclaim two third-party defendants, Rio Tinto Alcan, Inc. (RTA) and Alcan Corporation (Alcan), who allegedly were parent corporations of, or were otherwise affiliated with, Pechiney. Although neither RTA nor Alcan were signatories to the CBA or parties to the arbitration proceeding, the Union alleges that both are liable on the ground that the value of Pechiney's property and assets has been transferred to RTA and/or Alcan so as to render Pechiney unable to pay its debts or otherwise defraud the Union. Alternatively, the Union alleges that RTA and/or Alcan treated Pechiney's assets as their own thereby allowing the Union to "pierce the corporate veil and collect its award against one or both.

Neither RTA nor Alcan has yet been served with the Union's third-party complaint against them. However, Pechiney has filed a motion to dismiss both on the grounds that the Union's counter/third-party complaint fails to state a claim against them and the Union's claims are premature in any event. Citing the pleading standards announced by the Supreme Court in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), Pechiney argues that the Union's allegations fail to state a plausible claim against RTA and Alcan. Pechiney contends that the claims against RTA and Alcan are based entirely on conclusions of law and lack

2

factual support. In addition, Pechiney contends that the allegations lack the particularity Fed. R. Civ. P. 9(b) requires for allegations of fraud.

The Union argues as a threshold matter that Pechiney lacks standing to move for dismissal of its claims against RTA and Alcan since any claim against them will not adversely affect Pechiney. In fact, the Union notes that if it prevails on its claims against RTA and/or Alcan, Pechiney will benefit because it would not be obligated to pay the award.

Standing on the part of Pechiney is not required for the court to dismiss the Union's claims. The court has the authority to sua sponte dismiss any claim at any time that appears to lack a legal basis. *Wiemerslage v. Maine Tp. High School Dist. 207*, 29 F.3d 1149, 1151 (7th Cir. 1994). Avoiding unneeded complexity by dismissing superfluous parties furthers the goal of reaching "a just speedy and inexpensive determination" of the case. Fed. R. Civ. P. 1. Here, if the Union's claims remain, the Union plans to embark on a discovery plan that will cross international borders and delve into the internal operations and decisions of several corporations and the officers and directors who run them, a plan that would be entirely unnecessary and a waste of resources if, as Pechiney contends, the claims are insufficient or premature. The court concludes they are both.

The "first principle" of federal arbitration law is that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Geneva Securities, Inc. v. Johnson*, 138 F.3d 688, 691 (7th Cir. 1998) (citing *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960)). Neither RTA nor Alcan were signatories to the CBA and thus neither consented to submit any dispute the Union may have with them to arbitration. It is true that in some circumstances, non-signatories can be compelled to arbitrate a dispute based on their relationship to one of the parties to the dispute. The courts have recognized at least five doctrines through which a non-signatory can be bound by

3

arbitration agreements entered into by others: (1) assumption; (2) agency; (3) estoppel; (4) veil piercing; and (5) incorporation by reference. *Zurich American Ins. Co. v. Watts Industries, Inc.*, 417 F.3d 682, 687 (7th Cir. 2005). But this is not a case in which the Union seeks to compel RTA and Alcan to arbitrate its dispute with Pechiney. It is too late for that; the arbitration has already occurred. Instead, having prevailed in its arbitration against Pechiney, the Union now seeks to enforce its award against two parties who not only did not agree to arbitrate any dispute with the Union, but were not even parties to the arbitration hearing or award.

The fact that the Union did not seek to compel RTA and Alcan to participate in the arbitration with Pechiney is not, by itself, a bar to its claims that one or both may ultimately be liable for the award against Pechiney. If Pechiney's effort to vacate the award is unsuccessful and Pechiney or someone on its behalf does not satisfy the award, and if, further, the Union is able to show that Pechiney's failure to satisfy the award is the result of fraudulent transfers to RTA and/or Alcan, or that either or both are Pechiney's alter egos, then the Union may ultimately be able to enforce the award against one or both of the third-party defendants. At this point, however, the Union's claims against RTA and Alcan are not ripe and the allegations of its counterclaim are insufficient.

A claim is not ripe if it "rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Evers v. Astrue*, 536 F.3d 651, 662 (7th Cir. 2008) (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)). Here, it is not even clear if the Union will retain its award. Unlike *International Union of Operating Engineers, Local 150, AFL–CIO v. Centor Contractors, Inc.*, this is not a case where the Union holds a final award which the employer has simply ignored. 831 F.2d 1309, 1310-11 (7th Cir. 1987). To the contrary, it was Pechiney who took the initiative and brought this action to vacate the award. Before the liability of RTA or Alcan

4

can arise to more than a mere possibility, the Union will have to defeat Pechiney's effort to vacate the award and convince the court that it should be confirmed.

Even then, the liability of RTA and Alcan for the award need not be addressed until or unless it goes unpaid because of Pechiney's insolvency. Then, and only then, will it be necessary to determine whether Pechiney's assets were fraudulently transferred to one of the third party defendants or whether one or both operated Pechiney as an alter ego. Any one of these events may not occur. Thus, the Union's claims against RTA and Alcan are not ripe.

The Union's bare allegations against RTA and Alcan also fail to state a claim upon which relief can be granted. As instructed by *Twombly* and *Iqbal*, in determining whether a complaint is sufficient to state a claim, the court should first identify "the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555. Legal conclusions must be supported by factual allegations. *Id*. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.

Here, the Union's claims against RTA and Alcan are predicated on Paragraphs 22 and 23 of the counterclaim. They read:

> 22. On information and belief the value of Pechiney property at the time of sale to Bemis has not been retained by Pechiney but has been transferred to RTA and/or Alcan, with intent to defraud and/or rendering Pechiney insolvent and unable to pay its debts.
>
> 23. RTA and Alcan are liable for the refusal to comply with the award of Arbitrator Paul Gordon because, on information and belief, they have treated the assets and obligations of Pechiney as their own [and] therefore the doctrine of piercing the corporate veil applies.

(ECF No. 11 at 15.) These are mere conclusions of law that are alleged on nothing more than unspecified information and beliefs. There are no factual allegations to support the assertion that

5

Pechiney's property has been transferred to RTA and/or Alcan so as to defraud Pechiney's creditors or render Pechiney insolvent. And the fact that Pechiney has not complied with the award is hardly evidence that it is an alter ego of RTA and Alcan. Based on the allegations of its own complaint, it is clear that Pechiney has not complied with the award because it believes the arbitrator exceeded his authority and the award is invalid. That is the issue that must first be decided, and only then will Pechiney or any other party be legally obligated to comply. There is no reason to delay that determination by allowing the Union to embark on a costly and time-consuming discovery plan that may very well be entirely unnecessary.

In sum, the court concludes that the Union has failed to state a claim against RTA or Alcan upon which relief can be granted and, further, the claims it seeks to assert are not ripe. Pechiney's motion to dismiss is granted and all claims against them are dismissed without prejudice. Its motion to vacate is due within the next forty-five days.

**SO ORDERED** this   19th   day of February, 2014.

        s/ William C. Griesbach
        William C. Griesbach, Chief Judge
        United States District Court